IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BARRY R. GLAZER** | * | Case No.: _____ |
| Individually and on Behalf of | * | |
| All Others Similarly Situated, | * | **CLASS ACTION COMPLAINT** |
| **Plaintiff**, | * | FOR COMMON LAW |
| | * | FRAUD / DECEIT, |
| v. | * | NEGLIGENT |
| | * | MISREPRESENTATON, |
| **META PLATFORMS, INC.**, | * | NEGLIGENCE, |
| Serve on: CSC-Lawyers Incorporating | * | UNJUST ENRICHMENT, |
| Service Company | * | VIOLATION OF THE |
| 7 St. Paul Street, Suite 820 | * | RACKETEER INFLUENCED |
| Baltimore, MD 21202 | * | AND CORRUPT |
| | * | ORGANIZATIONS ACT, |
| and | * | BREACH OF CONTRACT |
| | * | |
| **FACEBOOK, INC.**, | * | |
| Serve on: CSC-Lawyers Incorporating | * | |
| Service Company | * | |
| 7 St. Paul Street, Suite 820 | * | |
| Baltimore, MD 21202 | * | |
| **Defendants.** | * | **JURY TRIAL DEMANDED** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CLASS ACTION COMPLAINT**

**Plaintiff Barry R. Glazer**, by and through undersigned counsel, brings this action on behalf of himself and all others similarly situated against Meta Platforms, Inc. and Facebook, Inc. (collectively "Defendants"), and alleges as follows:

---

**NATURE OF THE ACTION**

1. This is a class action brought on behalf of Plaintiff and a class of consumers who were harmed by Meta Platforms, Inc. ("Meta"), and its subsidiary, Facebook, Inc. ("Facebook") (collectively, "Defendants"), due to Defendants' knowing, reckless, or negligent facilitation and publication of advertisements for counterfeit products, including but not limited to fake U.S. Morgan silver dollar coins sold on the Facebook Marketplace platform.

1

2. The fraudulent advertisements were patently deceptive and bore common hallmarks of scams, including unrealistic pricing, poor grammar, absence of verifiable contact information, and claims of authenticity that were facially implausible.

3. Despite these red flags, Meta allowed the ads to be published and profited from them via advertising revenue.

4. As a direct result, Plaintiff and the Class suffered financial losses, including but not limited to the purchase of counterfeit goods that were falsely represented as genuine silver coins.

## PARTIES

5. **Plaintiff**, **Barry R. Glazer**, is a resident of Baltimore City, Maryland, who purchased 20 purported U.S. Morgan silver dollar coins via Facebook Marketplace at $3.50 each. Upon receipt, Plaintiff discovered the coins were counterfeit and not composed of silver.

6. **Defendant Meta Platforms, Inc.** is a Delaware corporation headquartered in Menlo Park, California. Meta owns and operates Facebook and derives substantial revenue from advertisements shown on its platform, including Facebook Marketplace.

7. **Defendant Facebook, Inc.** is a wholly-owned subsidiary of Meta and is responsible for operating Facebook Marketplace, where the fraudulent transactions took place.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to:

    A. 28 U.S.C. § 1331, as this action arises under federal law, including the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968.

    B. 28 U.S.C. § 1332(d) (Class Action Fairness Act – CAFA), as the amount in controversy exceeds $5,000,000 and the proposed class includes members from multiple states.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

10. Plaintiff, Barry Glazer, is an attorney with over 55 years of legal experience, as well as a longtime coin collector and frequent online shopper.

11. In or around May 2025, Plaintiff encountered a listing on Facebook Marketplace advertising U.S. Morgan silver dollar coins from the late 1800s for $3.50 each—offering 20 coins for $70.

12. The listing included images and descriptions falsely representing the coins as authentic U.S. silver dollars, with no indication that the coins were replicas or counterfeit.

13. Intrigued by the implausibly low price but misled by the presentation of the listing, Plaintiff completed the purchase and received what appeared at first glance to be Morgan silver dollars.

14. Upon professional examination, Plaintiff discovered the coins were counterfeit—composed of base metals and weighing significantly less than authentic silver dollars.

15. There were no markings on the coins themselves, nor disclaimers in the advertisements, that indicated the coins were replicas or inauthentic in any way.

16. Alarmed by the apparent fraud and the ease with which it was conducted via Facebook Marketplace, Plaintiff began further investigation into other similar coin-related advertisements on the platform.

17. Plaintiff discovered numerous additional listings for collectible coins, including Morgan silver dollars and one-ounce Gold Eagle coins, offered at prices so absurdly low that they could not reasonably represent authentic items. Some listings offered full sets of 25 Morgan silver dollars—allegedly valued at thousands of dollars—for under $100, despite the fact that each genuine coin contains approximately $18 worth of silver alone. *Examples of such advertisements are attached to this Complaint as Exhibit A.*

18. Plaintiff also observed listings advertising one-ounce Gold Eagles at prices far below market value, even as the spot price for gold exceeded $3,000 per ounce. *Examples of such advertisements are attached to this Complaint as Exhibit B.*

19. These fraudulent listings appeared to target financially unsophisticated, less-educated, or otherwise vulnerable consumers, and were so facially deceptive that any reasonable platform with appropriate oversight would have flagged or removed them.

20. The fraudulent nature of these advertisements was patently obvious to any reasonable reviewer, including Defendants, who have the technological and human capacity to review, flag, and vet ads through both automated and manual processes.

21. Plaintiff, at all relevant times, was a registered user of Defendant's platform, Facebook, and agreed to the platform's Terms of Service ("TOS") governing the use of Facebook, including the provision of advertisements on the platform. *See Exhibit C.*

22. In its TOS, Defendant expressly agreed to provide a platform where users could interact with content and advertisements in a way that meets certain standards, including protections against fraudulent and deceptive advertising practices. Meta's TOS include provisions obligating Meta to ensure that advertisements comply with its policies and applicable laws.

23. Upon further research, Plaintiff found that other consumers across the country were similarly misled and defrauded by nearly identical advertisements on Facebook Marketplace.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to **Federal Rule of Civil Procedure 23**, defined as:

**All individuals in the United States who, within the last four years, purchased counterfeit or fraudulent products through advertisements published on Facebook Marketplace.**

23. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds or thousands of users were exposed to and acted upon similar fraudulent ads on Facebook Marketplace.

24. Common questions of law and fact exist, including:

    A. Whether Defendants knowingly or recklessly allowed the publication of fraudulent advertisements;

    B. Whether Defendants had a duty to protect users from facially deceptive content;

    C. Whether Defendants profited from the publication of fraudulent ads;

    D. The appropriate measure of damages.

    These questions of law and fact are common to all members of the Class and predominate over any questions affecting only individual members.

25. Plaintiff's claims are typical of the Class. Plaintiff's claims are typical because they arise from the same conduct by Defendants—namely, the publication of fraudulent advertisements—and are based on the same legal theories as the claims of the Class.

4

26. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in class actions and consumer protection. Plaintiff has no conflicts with the Class and is represented by counsel experienced in consumer fraud, complex litigation, and class actions, who will vigorously advocate on behalf of the Class.

## CAUSES OF ACTION

### COUNT I — COMMON LAW FRAUD / DECEIT

27. Plaintiff incorporates by reference all preceding paragraphs.

28. Defendants knowingly or recklessly allowed the publication of materially false advertisements.

29. Defendants intended that consumers, including Plaintiff, rely on the false representations.

30. Plaintiff justifiably relied on those representations and suffered actual damages.

### COUNT II — NEGLIGENT MISREPRESENTATION

31. Defendants owed a duty of care to users to prevent the dissemination of facially fraudulent advertisements.

32. Defendants breached that duty by permitting the publication of deceptive content without adequate vetting.

33. Plaintiff and the Class suffered damages as a direct and proximate result.

### COUNT III — NEGLIGENCE

34. Defendants owed a duty to exercise reasonable care in reviewing and approving advertisements on their platform.

35. Defendants breached this duty by failing to implement adequate safeguards against fraudulent ads.

36. The publication of such ads directly caused Plaintiff and the Class to suffer damages as a direct and proximate result.

## COUNT IV — UNJUST ENRICHMENT

37. Defendants received a benefit in the form of advertising revenue from scam sellers.

38. That benefit was obtained at the direct expense of Plaintiff and the Class.

39. Equity and good conscience demand restitution.

## COUNT V — VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. §§ 1961–1968 – CIVIL RICO)

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41. This Count is brought pursuant to 18 U.S.C. § 1964(c), which provides a private cause of action for any person injured in their business or property by reason of a violation of 18 U.S.C. § 1962.

42. Defendants Meta Platforms, Inc. and Facebook, Inc., together with unknown co-conspirators, constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4), which includes any group of individuals or legal entities associated in fact for the purpose of engaging in a pattern of racketeering activity.

43. This enterprise engaged in and its activities affected interstate commerce by disseminating fraudulent advertisements and enabling transactions across state lines through the Facebook Marketplace platform.

44. The predicate acts of racketeering included numerous instances of **wire fraud**, in violation of 18 U.S.C. § 1343, involving the use of electronic communications and online platforms to disseminate false and misleading advertisements for counterfeit goods, including purported U.S. Morgan silver dollar coins.

45. The fraudulent advertisements were facially deceptive, priced far below market value, and included false statements regarding authenticity, composition, and origin of the coins.

46. Defendants knowingly or recklessly permitted, facilitated, and profited from these fraudulent schemes by accepting advertising revenue from bad actors and failing to prevent or remove obviously deceptive content from the platform.

47. The wire fraud involved interstate electronic communications, including advertisements published on the internet, payment processing communications, and delivery logistics conducted across state lines.

48. Defendants and their co-conspirators conducted and participated in the affairs of the enterprise through a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(5), consisting of repeated acts of wire fraud.

49. The conduct described constitutes a pattern of racketeering activity, as it was continuous, involved numerous victims, and furthered the shared purpose of the enterprise: to profit from widespread consumer deception.

50. As a direct and proximate result of Defendants' conduct in violation of 18 U.S.C. § 1962(c), Plaintiff and members of the Class suffered injury to their property, including the loss of money paid for counterfeit goods.

51. Pursuant to 18 U.S.C. § 1964(c), Plaintiff and the Class are entitled to recover treble damages, attorneys' fees, and costs of suit.

**COUNT VI — BREACH OF CONTRACT**

52. Meta's failure to remove or properly address the fraudulent advertisement constitutes a breach of the contractual obligations imposed by the TOS between Plaintiff and Defendants.

53. The TOS include an implied covenant of good faith and fair dealing, which requires that Meta take reasonable steps to ensure that users are protected from fraudulent and deceptive conduct occurring on its platform. Meta's failure to act appropriately in response to Plaintiff's concerns constitutes a breach of this duty.

54. Meta's breach of contract has caused Plaintiff to incur damages, including the direct financial loss mentioned above, and consequential damages such as emotional distress, loss of trust in the platform, and lost time and effort in attempting to address the fraudulent content.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Certify the proposed Class and appoint Plaintiff and his counsel as Class Representatives;

b. Award compensatory damages;

c. Award restitution and/or disgorgement of profits obtained by Defendants;

d. Award punitive damages for egregious and willful conduct;

e. Enter injunctive relief requiring Meta to adopt enhanced ad screening and user protections;

7

f. Enter declaratory relief that Defendants' conduct was unlawful;

g. Pursuant to 18 U.S.C. § 1964(c), award treble damages, attorneys' fees, and costs to Plaintiff and the Class for Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act;

h. Award reasonable attorneys' fees and costs; and

i. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted**,

\_\_\_\_\_/s/_____
**Brandon R. James**
Federal Bar No.: 22125
The Law Office of Barry R. Glazer
PO BOX 21230
1010 Light Street
Baltimore, Maryland 21230
410-547-8568
**Counsel for Plaintiff and the Proposed Class**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted**,

_____/s/_____
**Brandon R. James**
AIS No.: 2101130004
The Law Office of Barry R. Glazer
PO BOX 21230
1010 Light Street
Baltimore, Maryland 21230
410-547-8568
**Counsel for Plaintiff and the Proposed Class**