IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARRY GLAZER | * | CASE NUMBER:   1:25-CV-1560 |
| Plaintiff, | * | |
| v. | * | |
| META PLATFORMS, INC. et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>PLAINTIFF'S MOTION FOR RELIEF FROM AN ORDER PURSUANT TO RULE 60</u>**

NOW COMES Plaintiff by and through undersigned counsel and files this Motion for Relief from an Order Pursuant to Rule 60, and in support thereof states:

### **FACTUAL BACKGROUND**

Defendant's Terms or Service ("TOS") state:

> [w]e employ dedicated teams around the world, work with external service providers, partners and other relevant entities and develop advanced technical systems to detect potential misuse of our Products, harmful conduct towards others, and situations where we may be able to help support or protect our community, including to respond to user reports of potentially violating content. If we learn of content or conduct like this, we may take appropriate action based on our assessment that may include -notifying you, offering help, removing content, removing or restricting access to certain features, disabling an account, or contacting law enforcement

The terms of service create a promise to either notifying you, offering help, removing content, removing or restricting access to certain features, disabling an account, or contacting law enforcement when Defendant discovers misuse of products on the platform. Relying upon this promise, in May 2025, Plaintiff, who is eighty years old, encountered a listing on Facebook Marketplace advertising U.S. Morgan silver dollar coins from the late 1800s for $3.50 each—offering 20 coins for $70. Amended Compl. ¶ 10-11. The listing included images and descriptions

falsely representing the coins as authentic U.S. silver dollars, with no indication that the coins were replicas or counterfeit. Id. ¶ 12. Intrigued by the implausibly low price but misled by the presentation of the listing, Plaintiff completed the purchase and received what appeared at first glance to be Morgan silver dollars. Id. ¶ 13. Upon professional examination, Plaintiff discovered the coins were counterfeit—composed of base metals and weighing significantly less than authentic silver dollars. Id. ¶ 14.

Alarmed by the apparent fraud and the ease with which it was conducted via Facebook Marketplace, Plaintiff began further investigation into other similar coin-related advertisements on the platform. Id. ¶ 16. Plaintiff discovered numerous additional listings for collectible coins, including Morgan silver dollars and one-ounce Gold Eagle coins, offered at prices so absurdly low that they could not reasonably represent authentic items. Some listings offered full sets of 25 Morgan silver dollars—allegedly valued at thousands of dollars—for under $100, despite the fact that each genuine coin contains approximately $18 worth of silver alone. Id. ¶ 17. Currently, Defendant still has fake coins being sold on their website.

## STANDARD OF REVIEW

In ruling on an appeal from a denial of a Rule 60(b) motion [the Appellate Court] may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b). A Rule 60(b) motion may not substitute for a timely appeal. The district court's decision to deny the motion is reviewable under an abuse of discretion standard. *In re Burnley*, 988 F.2d 1, 3 (internal citations omitted).

## **ARGUMENT**

**1. Defendant's Term Of Service Creates a Covenant to Monitor and Remove Illegal Conduct on its Platform.**

Defendant's TOS creates two promises to Plaintiff. The first promise is "to detect potential misuse of our Products." The second promise is to "notifying you, offering help, removing content, removing or restricting access to certain features, disabling an account, or contacting law enforcement." The term "may" which is only contained in the second promise appears to be language this Honorable Court believes removes any promise from Defendant. The Fourth Circuit has yet to determine whether this language removes liability from social media platforms.

The language used in the TOS is an implied covenant, so to determine whether this language should be a waiver of liability, this Honorable Court should determine whether Plaintiff was reasonable to rely on the promise from Defendant. The language was included in the TOS to induce individuals to believe that Defendant's platform was being monitored and only legitimate listings were being shown.

Defendants defense that their terms of service do not create a legal responsibility to stop fraud on their platform is against public policy. To the ordinary user, the plain language of the TOS, creates the appearance that Defendant has created a binding promise to take some type of action. To allow these giant corporations to walk away from any responsibility is to be complicit in the flimflamming of hundreds of thousands innocent, perhaps less intelligent or impaired citizens. This Honorable Court has the power to stop blatant fraud on the most vulnerable of our country.  When the general public believes that the law allows this type of blatant disregard for the welfare of its citizens, a dangerous spin off becomes apparent.

WHEREFORE Plaintiff request that for relief pursuant to Rule 60.

**Respectfully submitted**,

_____/s/_____
**Brandon R. James**
Federal Bar No.: 22125
The Law Office of Barry R. Glazer
PO BOX 21230
1010 Light Street
Baltimore, Maryland 21230
410-547-8568
**Counsel for Plaintiff and the Proposed Class**